UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Craig Cunningham,                          CASE NO.: 3:14-cv-01040

      Plaintiff, Pro-se

v.

CARIBBEAN CRUISE LINE, INC.,
And John/Jane Does
1-10

      Defendants.

_____/

## DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Caribbean Cruise Line, Inc. ("CCL") files this Motion to Dismiss Plaintiff's Amended Complaint. In addition, pursuant to Federal Rule of Civil Procedure 12(f), CCL moves this Court to strike the allegations pertaining to attorneys' fees, treble/punitive damages, and Plaintiff's excessive request for damages per alleged violation. This Court should dismiss Plaintiff's Amended Complaint because: (1) This Court does not have personal jurisdiction over CCL and therefore dismissal is proper pursuant to Rule 12(b)(2); and (2) the Amended Complaint does not state a plausible claim for relief against CCL for violations of the Telephone Consumer Protection Action, 47 U.S.C. § 227 *et seq.* (the "TCPA"). This Motion is supported by the following Memorandum of Points and Authorities:

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. INTRODUCTION AND BACKGROUND**

Plaintiff filed his Amended Complaint against CCL on May 19, 2014.[1] Plaintiff alleges that his cellular telephone was called in 2012 "at least 6" times "with a pre-recorded message . . . which solicited the Plaintiff to call back and get registered for a free vacation cruise package with Caribbean Cruise Line."[2] Plaintiff is suing CCL, a Florida corporation, two (2) years later, in Tennessee, for allegedly making telephone calls to Plaintiff's *North Carolina* telephone number (828) 291-7465.[3] Since CCL has no meaningful contacts with the State of Tennessee and because the alleged telephone calls were not made to a Tennessee telephone number, this Court cannot exercise personal jurisdiction over CCL. In addition, using the telephone number provided by Plaintiff, CCL was able to conduct further research into Plaintiff's claims and determined that Plaintiff actually purchased a travel package with CCL on December 11, 2012.[4] Thereafter, CCL followed up with telephone calls to Plaintiff at the telephone number he provided to CCL to determine if and when Plaintiff was going to travel.[5] Perhaps Plaintiff forgot he purchased a travel package. Had he remembered, he would not have needed to bring suit for what appears to be follow up telephone calls.

Moreover, the Amended Complaint fails entirely to provide any facts to support the existence of supposed "violations," fails to identify which sections of the TCPA were allegedly "violated," fails to provide facts from which the Court could infer that an automated telephone dialing system was used, fails to describe in any meaningful way what was said on the alleged

---

1. DE: 8.
2. DE: 8.
3. Declaration of Raul Valero, Esq. attached as Exhibit "A" (Decl. of Raul Valero).
4. CCL's Declaration in support of its Motion, attached as Exhibit "B," ¶ 12 (CCL Dec).
5. *Id.*

violative telephone calls, and fails to provide any facts showing how CCL was involved, if at all, amongst other serious deficiencies.[6] As a result, the Amended Complaint must be dismissed.

## ARGUMENT

## II.   PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(2) AS THE COURT LACKS PERSONAL JURISDICTION OVER CCL

The Amended Complaint must be dismissed pursuant to Rule 12(b)(2) because this Court lacks personal jurisdiction over CCL. Whether this Court may exercise personal jurisdiction over CCL turns on the specific limitations of Tennessee's long-arm statute and federal constitutional principles of due process.[7]   Because Tennessee's long-arm statute has been consistently construed to extend to the limits of personal jurisdiction imposed by the Due Process Clause, the two inquiries are merged and the Court need only determine whether the exercise of personal jurisdiction over CCL is consistent with federal due process requirements.[8] Personal jurisdiction comports with due process "where that jurisdiction stems from 'certain minimum contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."[9]   There are two distinct bases for personal jurisdiction: general jurisdiction and specific jurisdiction.[10]   Plaintiff bears the

---

6.      DE: 8.

7 .      *Estate of Thomson v. Toyota Motor Corp.*, 545 F.3d 357, 361 (6th Cir. 2008).

8.      *Receiver of assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 887-88 (M.D. Tenn. 2010) (citing *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472, 477 (6th Cir. 2003)); *Payne v. Motorists' Mutual Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993).

9.      *Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F. Supp. 2d 653, 658 (M.D. Tenn. 2002) (quoting *Calder v. Jones*, 465 U.S. 783, 788 (1984); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

10.      *Coffman,* 719 F. Supp. 2d at 888 (citing *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003)); *Bridgeport Music, Inc.,* 182 F. Supp. 2d at 658 (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996)).

burden of establishing personal jurisdiction over CCL.[11]  Plaintiff cannot meet that burden in this case and thus, dismissal is mandated.[12]

## A.    CCL is Not Subject to General Jurisdiction

"General jurisdiction exists when a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state."[13]  There is little question here but that Plaintiff has not, and cannot, make a showing that CCL's contacts with Tennessee are in any respect continuous and systematic such that CCL is subject to general jurisdiction.

Plaintiff's Complaint, and now Amended Complaint, fails to allege sufficient facts to give rise to general personal jurisdiction over CCL. On the face of the Amended Complaint, there is nothing to indicate that CCL regularly conducts business in Tennessee or has any physical presence in Tennessee whatsoever. This is because CCL does not do either.  CCL is a Florida corporation.[14] Since its inception, CCL's business operations have been located in Florida.[15] Its principal place of business is located in Florida.[16] CCL's business operations are

---

11.    *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2006); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

12.    As this Court laid out in its recent *Coffman* decision, in undertaking a decision on Defendant's motion to dismiss for personal jurisdiction, the Court "may (1) rule on the motion on the basis of affidavits submitted by the parties, (2) permit discovery in aid of the motion, or (3) conduct an evidentiary hearing on the merits of the motion." *Coffman,* 719 F. Supp. 2d at 877 (citing *Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1272 (6th Cir. 1998)). Here, CCL has submitted its Declaration in support of its Motion. CCL Dec. Where the Court rules on a personal jurisdiction motion on affidavits only, the plaintiff need only make a *prima facie* showing of jurisdiction. Plaintiff has not and cannot make any such showing in this case.

13.    *Intera Corp.*, 428 F. 3d at 615 (internal quotation marks and citation omitted).

14.    CCL Dec. ¶ 4.

15.    *Id.* ¶ 9.

16.    *Id.* ¶ 4.

4

directed from its Florida headquarters.[17] CCL has no physical presence in the Commonwealth of Tennessee.[18] CCL does not employ any individuals who are residents of Tennessee.[19] CCL does not own, use, possess, or have any interest in real property located in Tennessee.[20] CCL is not, and was not at the time of the alleged events set forth in Plaintiff's Complaint, registered with the Tennessee Secretary of State and does not have, and did not have at the time of the alleged events set forth in Plaintiff's Complaint, a registered agent in the State of Tennessee. CCL does, however, subscribe to the Tennessee do not call list.[21]

The fact that CCL makes calls generally (to people who consent to be contacted) and sends mailings to Tennessee does not establish a basis for personal jurisdiction over CCL.[22] The calls and mailings are, at best, *de minimus* contacts and do not indicate that CCL has purposefully availed itself of the privilege of conducting activities in this State. Clearly, CCL's contacts in Tennessee are too few in number and too slight in quality,[23] to support a finding of

---

17.     *Id.* ¶ 8.
18.     *Id.* ¶ 10.
19.     *Id.* ¶ 5.
20.     *Id.* ¶ 5.
21.     *Id.* ¶ 6.
22.     *See, e.g., Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 552 (6th Cir. 2007) ("This court has found that contacts lack quality when they are initiated by the plaintiff rather than the defendant, in part because "[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum.");*Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 761 (9th Cir. 1990) (holding that there was not a basis for personal jurisdiction when Plaintiff initiated a conversation with Defendant, resulting in telephone conversations, mailing invoice, and Defendant's receipt of payment); *McDowell v. Paykel*, CV-06-2679-PHX-FJM, 2007 WL 1412465, at *2-4 (D. Ariz. May 11, 2007) (recognizing that phone calls, emails, faxes, invoices derived from a relationship initiated by Plaintiff, was insufficient to establish personal jurisdiction); *see also Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 796 (6th Cir. 1996) (although not dispositive, the fact that Plaintiff initiated the contact with Defendant should be accorded some weight in determining if Personal Jurisdiction exist).
23.     *Safetech Int'l, Inc.*, 503 F.3d at 552 ("This court has found that __contacts lack quality__ when they are initiated by the plaintiff rather than the defendant, in part because "[t]he

personal jurisdiction in this case. Indeed, "[t]he use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process."[24] Accordingly, any assertion by Plaintiff that personal jurisdiction exists is mistaken. Plaintiff cannot establish general personal jurisdiction over CCL and the Amended Complaint does not even attempt to try. It is apparent that none of the traditional "continuous and systematic" contacts establishing general jurisdiction exist as to CCL.

**B.     CCL Is Not Subject to Specific Personal Jurisdiction**

Plaintiff also cannot establish specific jurisdiction over CCL. Contrary to general jurisdiction, "[s]pecific jurisdiction exists when a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum."[25] The Sixth Circuit has established a three-part test for the determination of whether specific jurisdiction exists in a particular case: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."[26] None of these three prongs can be satisfied in this case.

---

unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum.") (emphasis in parenthetical added).

24.     *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998); *Gray & Co*, 913 F.2d at 761; *Paykel*, 2007 WL 1412465, at *2-4.

25.     *Coffman*, 719 F. Supp. 2d at 888 (citations omitted).

26.     *Id*. (quoting *Southern Machine Co. v. Mohasco*, 401 F.2d 374, 381 (6th Cir. 1968)).

Case 3:14-cv-01040   Document 22   Filed 06/06/14   Page 6 of 21 PageID #: 48

1.   <u>CCL Has Not Purposefully Availed Itself of the Privilege of Acting or Causing a Consequence in Tennessee</u>

"The 'purposeful availment' requirement is 'the *sine qua non* of *in personam* jurisdiction.'"[27] This requirement is seen as "absolutely indispensable" and "disputes about whether or not there is specific personal jurisdiction in a given case often rise or fall on the issue of purposeful availment."[28] The "purposeful availment" prong is satisfied "when the defendant's contacts with the forum state 'proximately result from actions *by the defendant himself* that create a "substantial connection" with the forum state,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'"[29] Plaintiff's purchase of a vacation package (which caused the subsequent telephone calls by CCL)[30] cannot be used to "manufacture" specific jurisdiction, because it was not intentional conduct "by the Defendant" to purposefully avail itself to privileges of Tennessee.

CCL's actions giving rise to the cause of action alleged here are supposedly making six (6) telephone calls to Plaintiff.[31] However, Plaintiff's cellular telephone number has a *North Carolina* area code.[32] Further, assuming Plaintiff was in Tennessee when he received the calls, this would still be insufficient to establish jurisdiction. A similar situation occurred in *Michaels*

---

27.     *Bridgeport Music, Inc.,* 182 F. Supp. 2d at 658 (citing *Mohasco*, 401 F.2d at 381-82).

28.     *Coffman*, 719 F. Supp. 2d 888 (citing *Air Products and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550-51 (6th Cir. 2007)).

29.     *Compuserve, Inc.,* 89 F. 3d at 1263(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

30.     To the extent Plaintiff is alleging that CCL made telephone calls to his North Carolina telephone number prior to his purchase of a vacation package, those telephone calls would only have been made after Plaintiff provided his telephone number to be contacted for that purpose. CCL Dec. at ¶ 12.

31.     DE: 8, ¶ 6.

32.     Dec. of Raul Valero.

*v. Micamp Merch. Servs.,*[33] where the court dismissed the complaint for lack of personal jurisdiction over the defendants, when the defendants called a Florida number, and Plaintiff sued in the state he was visiting, Pennsylvania.[34] Just as the plaintiff in *Michaels* had a Florida area code and filed suit in Pennsylvania where he allegedly received the telephone calls, Plaintiff Cunningham had a North Carolina area code and is filing suit in Tennessee. Therefore, as the court in *Michaels* recognized, personal jurisdiction does not exist. This Court should grant CCL's Motion to Dismiss.

2.  The Cause of Action Alleged In This Case Does Not Arise From CCL's Alleged Contacts In Tennessee

It is equally clear that Plaintiff cannot satisfy the second prong of the test as the cause of action alleged in this case does not arise from CCL's alleged contacts with Tennessee. A cause of action sufficiently "arises from" the defendant's contacts with the forum state when "the cause of action has a 'substantial connection' to the defendant's forum state activities, that is, 'where a defendant's contacts with the forum state are related to the operative facts of the controversy.'"[35] Here, as noted above, the sole connection with Tennessee is the fact that Plaintiff was in Tennessee when he received a telephone call on his cellular telephone which has a *North Carolina* area code. Plaintiff has failed to allege any facts showing CCL aimed any conduct toward Tennessee. Thus, the cause of action does not arise from CCL's contacts with Tennessee and dismissal is appropriate.[36]

---

33.  *Michaels v. Micamp Merch. Servs.*, CIV.A. 13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013).
34.  *Id.* at *1.
35.  *Coffman*, 719 F. Supp. 2d at 890 (citing *Tharo Systems, Inc. v. Cab Produkttechnik GMBH & Co.*, 196 Fed. Appx. 366, 371 (6th Cir. 2006)).
36.  *Michaels*, 2013 WL 5970340 at *4.

3.      The Exercise of *Personal Jurisdiction* Over CCL Would Not Be Reasonable

Finally, it is clear that Plaintiff cannot satisfy the third prong of the test, as CCL's purported conduct is not substantially connected to Tennessee so as to make the exercise of jurisdiction over CCL reasonable. "Whether the exercise of jurisdiction over a foreign defendant is reasonable is a function of balancing three factors: 'the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.'"[37]   In this case, CCL is a Florida corporation who is being sued in *Tennessee* for allegedly calling a *North Carolina* telephone number. Thus, the burden on CCL in having the matter tried in Tennessee far outweighs any interest Tennessee has in the matter being tried in the state, or that Plaintiff has in obtaining relief in Tennessee. Therefore, it is clearly unreasonable for CCL to be subject to the jurisdiction of this Court.

Moreover, as the CCL Declaration demonstrates, Plaintiff wanted to be contacted by CCL and purchased a vacation package from CCL. Plaintiff continues to contact CCL in Florida at the same time he has filed this lawsuit (for alleged telephone calls supposedly taking place 2 years ago) in order to book his travel with CCL. Certainly Plaintiff can bring suit in Florida where CCL would be subject to personal jurisdiction. However, because CCL is not subject to personal jurisdiction in Tennessee, the Amended Complaint should be dismissed.

**C.      Plaintiff's has not Properly Pled Personal Jurisdiction, and Plaintiff's Jurisdictional Allegations are Deficient and Nonsensical.**

Plaintiff's Amended Complaint also lacks allegations to support personal jurisdiction. The Amended Complaint simply alleges that jurisdiction is proper because "the acts happened

---

[37]      *City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651, 666 (6th Cir. 2005) (quoting *Asahi Metal Indus. v. Superior Ct. of Cal.*, 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)).

Case 3:14-cv-01040   Document 22   Filed 06/06/14   Page 9 of 21 PageID #: 51

and the contract was breached in this county."[38] This allegation is insufficient as a matter of law. Rule 8 provides that "[a] pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."[39] In order to make a prima facie showing of personal jurisdiction, Plaintiff must set forth facts "establishing with reasonable particularity sufficient contacts between [CCL] and the forum state to support jurisdiction."[40] Plaintiff has not complied with the standard.

First, the Plaintiff does not identify what "acts" serve as the basis for personal jurisdiction. Indeed, assuming *arguendo*, the "acts" to which Plaintiff refers are the alleged telephone calls from CCL, such calls cannot be used to establish jurisdiction as a matter of law. As set forth in CCL's personal jurisdiction argument above, Plaintiff admitted that the telephone calls, if any, were made to a *North Carolina* telephone number, not a Tennessee telephone number.[41] Assuming that CCL made such calls, they could *not* have been directed at *Tennessee* and thus, would not support jurisdiction.

Second, Plaintiff's allegation that "the contract was breached in this county" is unintelligible. There is no contract between the parties and the Amended Complaint does not refer to the existence of a contract in any other allegation. Plaintiff is not asserting a claim for breach of contract, and he does not allege a contract existed between he and CCL, nor can he. Although a complaint's factual allegations are to be accepted as true when ruling on a motion to

---

38.    DE: 8.
39.    Fed. R. Civ. P. 8(a).
40.    *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996).
41.    *See* Decl. of Raul Valero.

dismiss, this rule "is inapplicable to legal conclusions."[42] Plaintiff's assertion that jurisdiction exists is a legal conclusion, unsupported by any facts. Therefore, this Court should dismiss the Amended Complaint.

## III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's Amended Complaint fails to state a claim and must be dismissed as a matter of law. A motion pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint.[43] When examining the merits of a Rule 12(b)(6) motion, the complaint's factual allegations are accepted as true and construed most favorably to the plaintiff.[44] While "well-pleaded" factual allegations are required to be accepted as true, the court does not have any obligation to accept as true legal conclusions or unwarranted factual inferences.[45] In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."[46] Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[47] "[W]here the well-pleaded facts do not permit the court to

---

42. *Iqbal* 556 U.S. 677.

43. *Houston v. Logan*, 3:11-CV-97, 2011 WL 8990297, at * 3 (E.D. Tenn. Dec. 21, 2011).

44. *Id.; see also Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999).

45. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

46. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

47. *Id.*

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"[48]

Plaintiff's Amended Complaint also should be dismissed for violating Rule 8(a). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading standard, requiring a "short and plain statement of the claim" that sufficiently notifies a defendant of both the claim and its supporting grounds.[49] "Rule 8(a)(2) requires a 'showing,' rather than a blanket assertion, of entitlement to relief."[50] Consequently, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[51] "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true."[52] In short, an actionable complaint must include "enough facts to state a claim to relief that is plausible on its face."[53] These base requirements are intended "to give fair notice to defendants of the claim or claims being asserted such that defendants are able to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies."[54] "Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds."[55] "[E]ven

---

48.    *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).
49.    Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).
50.    *Twombly,* 550 U.S. at 555-56 n. 3.
51.    *Id.* at 555-56 (citation omitted).
52.    *Id.*
53.    *Id.* at 570; *Iqbal,* 556 U.S. at 664.
54.    *Poblete v. Goldberg,* 680 F.Supp.2d 18, 19 (D.D.C. 2009).
55.    *Brown,* 75 F.R.D. at 498.

pro se complaints must satisfy basic pleading requirements."[56] Plaintiff has failed to make such a showing for the reasons set forth below, any one of which, standing alone, requires dismissal.

## A.     Plaintiff Has Not Properly Alleged a Violation of the TCPA

The Amended Complaint should be dismissed because its sole Count, for "Violations of the TCPA," fails to meet the requirements of Rule 8. The Amended Complaint fails to provide the foundational information that serves as the reason for Rule 8's requirements. Specifically, the Amended Complaint does not "give fair notice to the defendant of the claim or claims being asserted,"[57] "sharpen the issues to be litigated" or "confine discovery and the presentation of evidence at trial within reasonable bounds."[58] Without this information, this action cannot proceed. Plaintiff's "Count" for a purported violation of the TCPA contains only two (2) allegations.[59] One of those two allegations simply incorporates the prior allegations by reference.[60] Thus, **the TCPA Count really consists of only one (1) allegation, which fails to even set forth the conclusorily elements of a TCPA cause of action.**[61] No specific statutory

---

56.     *Dallas v. Homes,* 137 Fed. Appx. 746, 750 (6th Cir. 2005); s*ee also Wells v. Hall,* 891 F.2d 591, 594 (6th Cir. 1989) (stating that "[n]either this Court nor other courts ... have been willing to abrogate basic pleading essentials in pro se suits"); *Sawyers v. United States*, 3:05-0428, 2005 WL 3088580, at *3 (M.D. Tenn. Nov. 17, 2005) (stating that "[t]he less stringent standard for pro se litigants does not compel the courts to conjure up unpled facts to support conclusory allegations"). "Vague, imprecise allegations do not give fair notice of a plaintiff's claim." *McLynas v. Tennessee*, 3:06CV00186, 2007 WL 404706, at *4 (E.D. Tenn. Feb. 1, 2007). A pro se plaintiffs' claims "fall short of federal notice pleading requirements" where they "are lacking in both supportive factual allegations and directed legal arguments." *Kagele v. Lerner, Sampson & Rothfuss, L.P.A.,* 161 Fed. Appx. 487, 491 (6th Cir. 2005); s*ee also Abner v. Focus: Hope,* 93 Fed. Appx. 792, 793 (6th Cir. 2004) (holding that pro se plaintiff's complaint was "frivolous, failed to state a claim for relief, and failed to invoke the subject matter jurisdiction of the district court.").

57.     *Poblete,* 680 F.Supp.2d at 19.

58.     *Brown,* 75 F.R.D. at 498.

59.     DE: 8 at ¶¶ 11-12.

60.     *Id.*

61.     The elements of a TCPA claim are: (1) the defendant called a cellular telephone; (2) using an ATDS; (3) without the recipient's prior express consent. *Jones v. FMA Alliance Ltd.*, CIV.A. 13-11286-JLT, 2013 WL 5719515 at *2 (D. Mass. Oct. 17, 2013).

section is referenced, no facts are alleged to support any element of the cause of action, no facts are alleged to infer the use of automated telephone dialing equipment, and no facts are alleged to support a theory of liability against CCL. Therefore, CCL has no knowledge of the nature of the TCPA violation allegedly being asserted and cannot respond or prepare a defense.

In any event, Plaintiff's allegations are required to do much more than merely mimick requirements of a TCPA claim in their pleadings. Courts have noted that such Complaints cannot survive a Motion to Dismiss:

> Hanley merely states what he understands the TCPA to proscribe, and then goes on to plead threadbare and conclusory facts that allege the elements of a *prima facie* cause of action under the Act, but nothing more. Hanley's complaint, therefore, is highly suspect because it merely recites naked facts mimicking the elements of a cause of action under the TCPA.[62]

Accordingly, because Plaintiff fails to properly plead the elements of a TCPA claim and asserts unsupported conclusions, the Amended Complaint should be dismissed.

**B.  Plaintiff has No Factual Allegations to Substantiate that the Calls Were Made Using an Automated Dialing-Announcing Device.**

In order to satisfy pleading requirements and state a cause of action against Defendant for purported violations of the TCPA, Plaintiff not only must establish that each Defendant made[63] or initiated[64] the call(s), but also that the calls were made using any automatic telephone dialing system or an artificial or prerecorded voice.[65] Plaintiff's Amended Complaint fails to plead any

---

62.  *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983-84 (N.D. Ill. 2013), on reconsideration (June 7, 2013); *see also McCauley,* 671 F.3d at 617 (holding that the plaintiff's complaint was insufficient under *Twombly* and *Iqbal* because most of the facts alleged were "actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss").

63.  47 U.S.C. section 227(b)(1)(A); *see also* DE 19 ¶¶ 60, 68.

64.  47 U.S.C. section 227(b)(1)(B); *see also* DE 19 ¶¶ 60, 68.

65.  47 U.S.C. section 227(b)(1)(A) & (B); New York General Business Laws section 399-p(3)(a); DE 19 ¶¶ 60, 68; *see also Knutson v. Reply!, Inc.*, 2011 WL 291076 (S.D. Cal. 2011); *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F.Supp.2d 898 (N.D. Ill. 2012).

*facts* to establish that Defendant used "automatic dialing technology and/or an artificial or prerecorded voice." Section 227(a)(1) states:

> (a)  Definitions
> As used in this section –
> (1)  The term "automatic telephone dialing system" means equipment which has the capacity—
> (A)  to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B)  to dial such numbers.[66]

Courts have noted: "As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.'  Such a naked assertion need not be taken as true."[67]  While "it may be difficult for a plaintiff to know the type of calling system used without the benefit of discovery," courts nonetheless have held that the plaintiffs' conclusory allegations required dismissal.[68]  Conversely, in *Kramer*, the complaint contained factual allegations about the call itself to otherwise infer the use of an automatic system.[69]  In this case, however, Plaintiff's Amended Complaint provides no detail about the calls allegedly made to allow this Court to infer that the calls fall within the definition of an "automatic telephone dialing system." In fact, the Amended Complaint does not even allege the nature of the call allegedly received by Plaintiff; whatever call Plaintiff received is still a mystery. Instead, it appears that Plaintiff has chosen to simply conclude, without any factual support whatsoever, that automated dialing devices and/or a prerecorded voice was used. Plaintiff's Amended Complaint merely alleges:

---

66.    47 U.S.C. § 227(a)(1).
67.    *Knutson*, 2011 WL 291076 at *2.
68.    *Knutson*, 2011 WL 291076 at *2; *see also Pollock v. Island Arbitration & Mediation Inc.*, 22 Misc. 3d 463, 469, 869 N.Y.S.2d 740, 745 (City Ct. 2008) (holding plaintiff did not establish that the defendant used a dialing system which randomly or sequentially generated telephone numbers).
69.    *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)

> 8.   These phone calls violated the TCPA in two ways, first by having a pre-recorded message, and second by the automated nature of them. . . .
> . . .
> 12.   These phone calls also violated the TCPA by having an [sic] pre-recorded message.[70]

Plaintiff has not set forth sufficient allegations to establish that he received calls from an "automatic telephone dialing system." In fact, he merely refers to the "automated nature" of the calls, which is unclear and could possibly be referring to the use of a prerecorded voice rather than an autodialer[71]. The basis of his claim is unclear and cannot survive dismissal. Further, Plaintiff offers no facts to support his self-serving conclusion that the telephone calls he allegedly received contained a pre-recorded or artificial voice. As a result, Defendant's Motion to Dismiss should be granted.

## C.   Plaintiff Fails To Allege the Content of the Calls He Allegedly Received

In the context of the TCPA, a Plaintiff must allege the content of messages allegedly received in violation of the Act in order to meet the pleading standard required by Rule 8(a)(2).[72] Plaintiff's allegations "provide no notice to [defendant] regarding the subsequent messages [plaintiff] allegedly received."[73] In this case, Plaintiff alleges that he received at least six calls from Defendant.[74] However, Plaintiff provides absolutely no details about the substance of the calls, other than to state they "solicited the Plaintiff to call back and get registered for a

---

70.   DE: 8 ¶¶ 8, 12.
71.   These allegations hardly seem plausible in light of the fact that Plaintiff purchased a vacation package from CCL and the follow up telephone calls were made specifically to Plaintiff in order to book his travel.
72.   *Abbas v. Selling Source, LLC*, 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009).
73.   *Id.*
74.   DE: 8 at ¶ 6.

free vacation cruise package from Caribbean Cruise Line."[75]   Based on this vague description, the calls could be from anyone and about virtually anything.

Therefore, Plaintiff's allegations are insufficient. Pursuant to *Abbas*, Defendant CCL is entitled to know the *factual* content of these alleged calls so that it can determine whether it had any involvement in the dissemination of these calls and formulate a defense to Plaintiff's allegations. Plaintiff's failure to allege these facts is a clear violation of Rule 8(a)(2), and Plaintiff's Complaint should therefore be dismissed.

**D.    Plaintiff's Conclusory Allegation that "The Defendants Acted in Concert With Multiple Other Parties to Conceal the True Nature of These Calls and the Parties Involved in Making Them" Cannot Withstand Dismissal as a Matter of Law.**

Plaintiff's Amended Complaint cannot survive dismissal because it contains no factual allegations to establish who allegedly called him. Instead, the Amended Complaint alleges that "Plaintiff believes the defendants acted in concert with multiple other parties to conceal the true nature of these calls and the parties involved in making them."[76] Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[77] Plaintiff has no idea who called him.  His allegation that "Defendants acted in concert" to conceal who called and the "true nature of the[] calls" is conclusory and insufficient. Allegations must be enough to "raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true."[78] In short, an actionable complaint must include "enough facts to state a claim to relief that is plausible on its face."[79] Plaintiff's Amended Complaint does not and thus it must be dismissed.

---

75.    *Id.*
76.    DE: 8 at ¶ 10.
77.    *Iqbal* 556 U.S. at 679.
78.    *Twombly,* 550 U.S. at 555-56 (citations omitted).
79.    *Id.* at 570 *Iqbal*, 556 U.S. at 677.

## IV.   PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND "PUNITIVE DAMAGES" ARE NOT PERMITTED BY LAW AND SHOULD BE STRIKEN

The Court should dismiss or strike Plaintiff's conclusory demand for punitive damages and attorneys' fees. If the Court deems it more appropriate to strike, such action should be stricken because the allegations are insufficient, redundant, impertinent, immaterial, and/or scandalous.[80]   Attorneys' fees are not authorized in the express language of the statute.[81] Under the **TCPA**, a plaintiff may recover either the actual monetary loss sustained as a result of the violation of the statute or "receive $500 in damages for each such violation, whichever is greater."[82] "If the court finds that the defendant willfully or knowingly violated this subsection [i.e., 47 U.S.C. § 227] or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."[83]

Plaintiff, however, seeks an award of treble/punitive damages alleging only that defendant's alleged violations of the **TCPA** were "willful."[84] In addition, rather than asking for the statutory amount of $500 per violation (or even trebled to $1,500), Plaintiff requests $3,000 per telephone call and for an additional $270,000 in what he calls "punitive damages."[85]  These

---

80.     Fed. R. Civ. P. 12.

81.     47 U.S.C. § 227; *see also Cracker Barrel Old Country Store, Inc. v. Epperson*, M200602424COAR3CV, 2008 WL 596174, at *2 (Tenn. Ct. App. Mar. 4, 2008) *aff'd*, 284 S.W.3d 303 (Tenn. 2009) (The rule in Tennessee is that attorneys' fees are not recoverable in the absence of a statute or contract specifically providing for such recovery).

82.     47 U.S.C. § 227(b)(3)(B) ("A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-- **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or **(C)** both such actions.").

83.     *Id.* at § 227(b)(3).

84.     DE: 8 para.

85.     *Barrett v. Vann*, E2006-01283-COA-R3CV, 2007 WL 2438025, at *17 (Tenn. Ct. App. Aug. 29, 2007) (In this Tennessee Consumer Protection action, the court stated that treble and punitive damages "while predicated on findings of somewhat different elements, are both

allegations are improper[86] and this Court should dismiss, or in the alternative, strike them as being insufficient, redundant, impertinent, immaterial, and/or scandalous. This bare allegation does not, and cannot, pass muster under *Iqbal/ Twombly* and Plaintiffs' request for "punitive damages" beyond the statutory standard for the imposition of "treble" damages should be stricken or dismissed for that reason alone.[87] Furthermore, under the **TCPA**, in order for a violation to be considered willful, a defendant must have made the unsolicited communication knowing or having reason to know that such conduct was a violation of the **TCPA**.[88] Plaintiff alleges no facts that could support any such conclusion.[89] Therefore, Plaintiff has not alleged any basis on which the Court could award him attorneys' fees or "punitive damages" and CCL's Motion should be granted in that respect.

## V.    CONCLUSION

Based upon the foregoing, CCL requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

---

considered punitive, and allowing recovery for both would result in double redress for a single wrong.").

86.    *Id.*

87.    *See Breidenbach v. Experian*, No. 3:12-cv-1548-GPC-BLM, 2013 WL 1010565, 2013 U.S. Dist. LEXIS 35807, at *7, *18 (S.D. Cal. Mar. 13, 2013) (dismissing TCPA claim for failure to allege sufficient facts) (citations omitted).

88.    *See, e.g., Adamcik v. Credit Control Servs., Inc.*, No. A-10-CA-399-SS, 2011 WL 6793976, at *9 (W.D. Tex. Dec. 19, 2011) (plaintiff must demonstrate the defendant was "more than negligent in its TCPA violation" and "knew or should have known it was violating the TCPA"); *Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 346-47 (Tex. Ct. App. 2004) (stating that "[t]he TCPA is willfully or knowingly violated when the defendant knows of the TCPA, knows he does not have permission to send the fax . . . and sends it anyway").

89.    *See, e.g., Iqbal*, 129 S.Ct. at 1949-51 (allegations that defendants "willfully and maliciously agreed" to violate plaintiff's rights were "bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements' " of claim and were insufficient to state any claim) (citation omitted); *Morgovsky v. AdBrite, Inc.*, No. C 10-05143, 2012 WL 1595105, 2012 U.S. Dist. LEXIS 62951, at *17-20, 2012 WL 1595105 (N.D. Cal. May 4, 2012) (bare allegations that defendant "willfully" violated statute were insufficient to state a claim).

Dated: June 6th, 2014.

Respectfully Submitted,

*/s/ Jeffrey A. Backman*
RICHARD W. EPSTEIN
JEFFREY BACKMAN
Admitted Pro Hac Vice
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
Fax: 954-213-0140
richard.epstein@gmlaw.com
jeffrey.backman@gmlaw.com

and

William L. Campbell, Jr., TN Bar No. 22712
Frost Brown Todd LLC
150 Third Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5550
615.251.5551 Fax
ccampbell@fbtlaw.com

*Attorneys for Defendant Caribbean Cruise Line, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 5.01, it is hereby certified that service of a true and correct copy

of the forging has been made upon the following via U.S. mail, postage-prepaid, on this the 6th

day of June, 2014:

Craig Cunningham
5543 Edmondson Pike
Suite 248
Nashville, TN 37211
828-291-7465
*Pro Se Plaintiff*

/s/ *Jeffrey A. Backman*
JEFFREY A. BACKMAN