IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CARRIBEAN CRUISE LINE, INC., )<br>And John/Jane Does 1-10, )<br>)<br>    Defendants. ) | Case No. 3:14-cv-01040<br>Judge Trauger / Knowles |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a "Motion to Dismiss and to Strike Plaintiff's Amended Complaint with Supporting Memorandum of Law" with Exhibits filed by Defendant Carribean Cruise Line, Inc. (hereinafter "Defendant" or "CLL"). Docket Nos. 22 - 22-2. Attached to, and in support of, its Motion, Defendant has contemporaneously submitted the Declarations of Raul Valero (Docket No. 22-1), and Jennifer Poole (Docket No. 22-2).[1] Defendant argues that Plaintiff's Amended Complaint should be dismissed because: (1) pursuant to Fed. R. Civ. P. 12(b)(2), this Court does not have jurisdiction over CCL; and (2) the Amended Complaint does not state a plausible claim for relief against CCL for violations of the Telephone

---

[1] Defendant has additionally filed a separate "Notice of Filing" of Exhibits to its Motion, which submits identical copies of the Declarations of Raul Valero and Jennifer Poole (that were submitted as Exhibits A and B attached to the instant Motion; *see* Docket Nos. 22-1, 22-2) and also submits the full text copies of the opinions of 15 unreported cases (Docket Nos. 22-3 - 22-17).

Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. Docket No. 22.

With regard to the issue of jurisdiction, Defendant argues that Plaintiff has a North Carolina telephone number and that it is a Florida corporation with no meaningful contacts in Tennessee. *Id.*, p. 2. Defendant contends that because it had no meaningful contacts with Tennessee and because the alleged telephone calls were not made to a Tennessee telephone number, this Court cannot exercise jurisdiction over CCL. *Id.*

Regarding Plaintiff's asserted TCPA claims, Defendant argues that Plaintiff's Amended Complaint "fails entirely to provide any facts to support the existence of supposed 'violations,' fails to identify which sections of the TCPA were allegedly 'violated,' fails to provide facts from which the Court could infer that an automated telephone dialing system was used, fails to describe in any meaningful way what was said on the alleged violative telephone calls, and fails to provide any facts showing how CCL was involved, if at all, amongst other serious deficiencies." *Id.*, p. 2-3. Defendant notes also that Plaintiff had, in fact, purchased a travel package with CCL on December 11, 2012, and asserts that the calls at issue were actually follow-up calls to determine if and when Plaintiff was going to travel using his purchased package. *Id.*, p. 2.

Plaintiff has filed a Response (Docket No. 25) and an Amended Response (Docket No. 30) to the instant Motion. Attached to Plaintiff's Amended Response, Plaintiff has submitted his affidavit (Docket No. 30-1), as well as a CD purportedly containing the voice mail messages CCL left on Plaintiff's voice mail (Docket No. 41). Plaintiff argues that Defendant's contention that, because it dialed a phone number with a North Carolina area code it lacked minimum contacts with Tennessee, is "irrelevant to the nature of a TCPA claim." Docket No. 30, p. 2.

Specifically, Plaintiff asserts that he: (1) never gave his phone number to Defendant; (2) never consented in writing to receiving calls from an automated telephone dialing system or pre-recorded message; (3) has lived in Tennessee since 2010; (4) continues to live in Tennessee; and (5) is a Tennessee resident. *Id.*, p. 2, 8. Plaintiff contends that "the area code element is inconsequential" since he was physically in Tennessee when receiving the calls, and he informed Defendant of the fact that he was living in Tennessee. *Id.* Plaintiff also argues that this Court has jurisdiction over Defendant because Defendant advertises in Tennessee and transacts business in the State, thereby satisfying the requisite "continuous and systematic contacts." *Id.*, p. 5. Plaintiff asserts that, in addition to advertising on the radio in Tennessee, Defendant's website "naturally invite[s] Tennessee consumers to engage in business with CCL." *Id.*, p. 6. Plaintiff contends that the advertising to, and solicitation of, Tennessee residents establishes that this Court has jurisdiction over Defendant, regardless of the fact that Defendant does not have an office or other real estate in Tennessee. *Id.*

With regard to Defendant's contention that the calls were follow-up calls placed after Plaintiff purchased a travel package, Plaintiff contends that the calls at issue were placed in November 2012, one month before he purchased the travel package, and Plaintiff notes that the "date and time information is recorded on each and every call." *Id.*, p. 2-3. Plaintiff asserts that the calls did not stop until after he purchased the travel package. *Id.* Plaintiff contends that he received additional calls with pre-recorded messages in May 2014, after the filing of this lawsuit, once again soliciting him to sign up for a vacation package. *Id.*, p. 5.

Defendant has filed a Reply, first arguing that neither Plaintiff's Response nor his

Amended Response should be considered because they were untimely.[2]  Docket No. 33.

Defendant next argues that Plaintiff is simply wrong in his contention that advertising to, and soliciting business from, people in Tennessee is sufficient to establish jurisdiction over Defendant.  *Id.*, p. 3. Defendant contends that there is nothing in the record to indicate that it regularly conducts business in Tennessee or has any physical presence in Tennessee whatsoever. *Id.* Defendant further contends that Plaintiff has failed to meet his burden of establishing that it has continuous and systematic contacts with Tennessee, noting that the Sixth Circuit has already rejected Plaintiff's argument that having a website is sufficient to establish jurisdiction, having held that "the fact that [one] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." *Id.*, p. 3-4, *quoting Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002).  Defendant asserts that, assuming arguendo, it makes phone calls and sends mailings to people in Tennessee, the calls and mailings are, at best, de minimus contacts that do not meet the traditional "continuous and systematic" contacts required to establish personal

---

[2] The instant Motion to Dismiss was filed on June 6, 2014.  *See* Docket No. 22.  Pursuant to Local Rule 7.01(b), Plaintiff had 14 days in which to file his Response. Plaintiff filed his Response on June 30, 2014.  *See* Docket No. 25.  Plaintiff did not seek an extension of time in which to file his Response, nor did he seek leave of Court to file an Amended Response. Plaintiff filed an Amended Response on July 14, 2014.  *See* Docket No. 30.

Plaintiff, in his "Motion for leave to file Sur-reply" (Docket No. 36), argues that his Response was timely, in light of Fed. R. Civ. P. 6(d) and the fact that Defendant had to re-file its documents on June 9th because its initial June 6th filing was improperly done.  Plaintiff also contends that he notified Defendant via email that he was going to file an Amended Response, and that he sent Defendant copies of the "call recordings in question."  *Id.*

Regardless of whether Plaintiff's Response and Amended Response were timely and/or permissible, because Plaintiff is proceeding pro se and Defendant will not be prejudiced by the consideration of those filings, the undersigned will consider both Responses.  The undersigned notes that the body of Plaintiff's Amended Response is identical to that of his original Response, and that no additional arguments were promulgated by Plaintiff in his Amended Response. Accordingly, the undersigned will cite Plaintiff's Amended Response when considering the merits of the instant Motion.

4

jurisdiction. *Id.*, p. 4.

Defendant further replies that Plaintiff may not simply sue in the state where he happened to be when he received the alleged calls, because the "'purposeful availment' requirement is 'the sine qua non of in personam jurisdiction,'" and is satisfied "when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum state,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *Id.*, p. 6 (emphasis omitted), *quoting Bridgeport Music, Inc. v. Agarita Music, Inc.,* 182 F. Supp. 2d 653, 658 (M.D. Tenn 2002), *citing Southern Machine Co. v. Mohasco Indus. Inc.,* 401 F.2d 347, 381-82 (6th Cir. 1968); and *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996). Defendant emphasizes that Plaintiff has a North Carolina telephone number, arguing that "no conduct by CCL, who allegedly dialed a North Carolina number, created a 'substantial connection' with this forum [Tennessee], such that CCL 'should reasonably anticipate being haled into court [] here.'" *Id.*, p. 6-7, *quoting Id.*

With regard to Plaintiff's TCPA claim, Defendant replies that Plaintiff has failed to properly plead a violation of the TCPA, first, because he failed to provide a "short and plain statement of the claim" that sufficiently notified Defendant of both the claim and its supporting grounds; second, because Plaintiff failed to plead any facts to establish that Defendant used "automatic dialing technology and/or an artificial or prerecorded voice" and conclusory allegations are not enough; and third, because Plaintiff failed to allege any facts regarding the content of the calls he received. *Id.*, p. 8-9, *citing* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

As to Plaintiff's request for an award of attorney's fees (should he secure an attorney), treble damages, and punitive damages, Defendant argues that: (1) attorney's fees are not authorized in the express language of the statute; and (2) under the TCPA, a plaintiff may recover either the actual monetary loss or "receive $500 in damages for each violation, whichever is greater," but not both. *Id.*, p. 10, *citing* 47 U.S.C. § 227(b)(3)(B).

Plaintiff filed this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*, alleging that, in 2012, without his consent, he received "at least 6" automated telephone calls to his cell phone each with a pre-recorded message soliciting him to call back and register for a free vacation cruise package with CCL. Docket No. 8, Amended Complaint. Plaintiff contends that the telephone calls "violated the TCPA in two ways, first by having a pre-recorded message, and second by the automated nature of them." *Id.*, p. 2. Plaintiff contends that this Court has jurisdiction because "the acts happened and the contract was breached in this county." *Id.*, p. 1. Plaintiff argues that venue is proper in this District because Defendant "transact[s] business here, and the acts and transactions occurred here." *Id.* Plaintiff seeks statutory damages of $3,000 for each phone call, pre-judgment interest from the date of the phone calls, $270,000 in punitive damages for all claims, attorney's fees, costs, and other such relief as the Court may deem just and proper. *Id.*, p. 3.

## II. Jurisdiction

Because a court cannot decide a cause of action for which it lacks jurisdiction, the primary issue before the undersigned is whether the Court has jurisdiction over Defendant, and therefore over this action. Plaintiff bears the burden of establishing jurisdiction over Defendant. *See, e.g., Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2006).

With regard to the issue of jurisdiction, Defendant has submitted the Declarations of Raul Valero (Docket No. 22-1), and Jennifer Poole (Docket No. 22-2), and Plaintiff has filed his own Affidavit (Docket No. 30-1). The jurisdictional allegations are set forth below.

**A. Declaration of Raul Valero**

Raul Valero is one of the attorneys representing Defendant in this matter. Docket No. 22-1, Declaration of Raul Valero ("Valero Dec."), ¶ 1. On May 21, 2014, Plaintiff informed Mr. Valero that the telephone calls which form the basis of his Amended Complaint in this action were made to his cellular telephone number. *Id.*, ¶ 3. The phone number provided by Plaintiff was (828) 291-7465. *Id.* A search of public records regarding area code "(828)" revealed that it is an area code within the state of North Carolina. *Id.*, ¶ 4.

**B. Declaration of Jennifer Poole**

Jennifer Poole is Defendant's Director of Marketing. Docket No. 22-2, Declaration of Jennifer Poole ("Poole Dec."), ¶ 2. Defendant is a Florida Corporation with its principal place of business in Broward County, Florida. *Id.*, ¶ 4. Since its inception, Defendant's business operations have been located in Florida. *Id.*, ¶ 8. Defendant's business operations have been, at all times material hereto, directed from its Florida headquarters. *Id.*, ¶ 7.

Defendant has no real estate, offices, equipment, bank accounts, investments, employees, representatives, or agents located in the State of Tennessee. *Id.*, ¶ 5. Defendant has no physical presence in Tennessee. *Id.*, ¶ 10. Defendant does not own, use, possess, or have any interest in real property in Tennessee. *Id.*, ¶ 11.

Defendant is not, and was not at the time of the alleged events, registered with the Tennessee Secretary of State, and does not have, and did not have at the time of the alleged

events, a registered agent in the State of Tennessee. *Id.*, ¶ 6. Defendant has never had an employee or agent visit the State of Tennessee for any business purpose, including for purposes of transacting or soliciting business. *Id.*, ¶ 7. Defendant does, however, subscribe to the Tennessee "Do Not Call" List. *Id.*, ¶ 6.

## C. Plaintiff's Affidavit

Plaintiff is a resident of Davidson County, who has lived and worked in Nashville, Tennessee since 2010. Docket No. 30-1, Affidavit of Craig Cunningham ("Plaintiff's Aff."), ¶ 2. Plaintiff has maintained a continuous residence in Nashville since that time. *Id.* Plaintiff received telephone calls from Defendant while in and around the immediate Nashville, Tennessee area. *Id.*, ¶ 3. The acts which are the subject matter of this lawsuit occurred while Plaintiff was living and working in Nashville, Tennessee or the immediate surrounding area. *Id.*, ¶ 5.

Plaintiff informed Defendant that he lived in Nashville, Tennessee in the course of the telephone calls with Defendant. *Id.*, ¶ 4. The automated/pre-recorded telephone calls continued even after the filing of the instant action. *Id.*

## D. Jurisdiction

### 1. Generally

There are two forms of jurisdiction: general and personal. General jurisdiction exists when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* at 615 (internal quotation marks and citations omitted). Personal jurisdiction exists when "a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Receiver*

8

of Assets of Mid-America Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 888 (M.D. Tenn. 2010). In the Sixth Circuit, personal jurisdiction exists when: (1) the defendant purposefully avails himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action arises from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See, e.g., Mohasco*, 401 F.2d at 381.

### 2. The Case at Bar

Plaintiff's Amended Complaint avers that he is "a natural person and was a resident of Dallas County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmonson Pike, ste 248, Nashville, TN 37211."[3] Docket No. 8, ¶ 1. The parties are in concurrence that, and there is no dispute over the fact that, Plaintiff has a North Carolina cell phone number. *See,* the Record, *passim*. Plaintiff's Amended Complaint avers that Defendant "is a Florida company" that "can be served via its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL, 32301." *Id.*, ¶ 2. Thus, Plaintiff is a Tennessee resident with a North Carolina cell phone number, and Defendant is a Florida Corporation.

With regard to jurisdiction and venue, Plaintiff's Amended Complaint avers, in its entirety:

> 4. Jurisdiction of this court arises as the acts happened and the contract was breached in this county.
>
> 5. Venue in this District is proper in that the defendants

---

[3] The undersigned notes that Nashville, Tennessee is part of Davidson County, not Dallas County, and that there is no such County in Tennessee.

transact business here, and the acts and transactions occurred here.

Docket No. 8, ¶¶ 4, 5.

The factual and legal allegations of Plaintiff's Amended Complaint, in their entirety, are as follows:

**FACTUAL ALLEGATIONS**

6. In 2012, the Plaintiff received multiple automated phone calls, at least 6, with a pre-recorded message to the Plaintiff's cell phone which solicited the Plaintiff to call back and get registered for a free vacation cruise package with Carribean Cruise line.

7. The Plaintiff did not give permission for Carribean Cruise line to call his cell phone using an automated telephone dialing system or pre-recorded message.

8. These phone calls violated the TCPA in two ways, first by having a pre-recorded message, and second by the automated nature of them. The Plaintiff received multiple phone calls day after day, sometimes twice in the same day.

9. The Plaintiff requests the court deem these phone calls were willful and knowing actions by the Defendants in this case and thereby assign treble damages as eligible under the statute for each and every claim. The Defendants made these calls to the Plaintiff and thousands of other people that have resulted in multiple class action lawsuits across the country[.]

10. Additionally, the Plaintiff believes the defendants acted in concert with multiple other parties to conceal the true nature of these calls and the parties involved in making them.

**CAUSES OF ACTION:**

**COUNT I**

**Violations of the Telephone Consumer Protection Act (TCPA)**

11. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

12. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These calls also violated the TCPA by having an pre-recorded [*sic*] message.

*Id.*, ¶¶ 6-12.

As can be seen, the "acts" which Plaintiff references are the calls allegedly placed by Defendant from Florida to his North Carolina cell phone, which he received in Tennessee. Plaintiff's allegations are that he received unsolicited automated telephone calls without consent, not that there was a contract between the parties that was breached. In fact, the Amended Complaint contains no allegations whatsoever establishing the existence of a "contract" that could have been breached. Plaintiff's statement that, "Jurisdiction of this court arises as the acts happened and the contract was breached in this county," neither confers, nor establishes, jurisdiction to this Court over Defendant.

Additionally, although Plaintiff conclusorily states that Defendant transacts business in Tennessee, Plaintiff's allegations are completely devoid of any details regarding what "business" Defendant "transact[s]" in Tennessee, the nature or frequency thereof, etc. Plaintiff's Amended Complaint is, therefore, completely devoid of any details establishing that Defendant has a "'substantial connection' with the forum state."

Moreover, neither Plaintiff's Amended Complaint nor his Affidavit dispute that: (1) Defendant is a Florida Corporation with its principal place of business in Broward County,

Florida, whose business operations have been, at all times material hereto, directed from its Florida headquarters; (2) Defendant has no physical presence, real estate, offices, equipment, bank accounts, investments, employees, representatives, or agents located in the State of Tennessee; (3) Defendant does not own, use, possess, or have any interest in real property in Tennessee; (4) Defendant is not, and was not at the time of the alleged events, registered with the Tennessee Secretary of State, and does not have, and did not have at the time of the alleged events, a registered agent in the State of Tennessee; and (5) Defendant has never had an employee or agent visit the State of Tennessee for any business purpose, including for purposes of transacting or soliciting business. Absent such, Plaintiff has not met his burden of establishing jurisdiction.

Additionally, even if this Court had jurisdiction over Defendant, as can be seen in the body of Plaintiff's Amended Complaint recounted above, the allegations contained in Plaintiff's Amended Complaint are conclusory. Although allegations proffered by pro se plaintiffs are to be construed liberally, conclusory allegations are insufficient to state a claim upon which relief can be granted. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007), *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Accordingly, Plaintiff's Amended Complaint fails to state a claim against Defendant for violating the TCPA.

For the foregoing reasons, this Court lacks jurisdiction over Defendant. The undersigned therefore recommends that the instant Motion to Dismiss be GRANTED, that the instant Motion to Strike be DENIED AS MOOT, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge